RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
ADAM M. KAPLAN (S.B. #298077)
akaplan@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:   (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendants
TEAMVIEWER US, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK GERSHFELD, individually, and on behalf of a class of similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TEAMVIEWER US, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANT TEAMVIEWER US, INC.'S NOTICE OF REMOVAL**<br><br>28 U.S.C. §§ 1332, 1441, 1446, 1453<br><br>Orange County Superior Court Case No. 30-2020-01172402-CU-BT-CXC |

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2  CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF JACK

3  GERSHFELD AND PLAINTIFF'S ATTORNEY OF RECORD:

4       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446,

5  and 1453, Defendant TeamViewer US, Inc. ("TeamViewer") hereby removes this

6  action by Plaintiff Jack Gershfeld from the Superior Court of the State of California

7  for the County of Orange, where the action is currently pending, to the United

8  States District Court for the Central District of California.

9       Removal is proper because this is a putative class action "brought in a State

10  court of which the district courts of the United States have original jurisdiction."

11  28 U.S.C. §§ 1441(a), 1453(b).  Specifically, removal of this action is appropriate

12  because the action satisfies the prerequisites for removal jurisdiction under the

13  Class Action Fairness Act ("CAFA").  28 U.S.C. § 1332(d).  Under CAFA, original

14  jurisdiction over the action exists based on diversity of citizenship, as Plaintiff's

15  alleged class exceeds 100 members with aggregate damages exceeding $5 million

16  exclusive of interest and costs, and minimal diversity has been established.  Here,

17  minimal diversity exists because TeamViewer, the only named defendant, is a

18  "Delaware corporation headquartered in Clearwater, Florida," and Plaintiff is a

19  California resident and the putative class consists of California residents.  *See* Ex.

20  A, Compl. ¶¶ 3-4, 40.  This Notice of Removal is timely because it has been filed

21  within thirty days of the date TeamViewer was served with the summons and

22  complaint.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).  Finally, no CAFA

23  exception or "safe harbor" applies.

24  **I.    <u>BACKGROUND</u>**

25       **A.    Timeliness of Removal**

26       1.    On December 1, 2020, Plaintiff filed this action in the Superior Court

27  of the State of California for the County of Orange, *Jack Gershfeld v. TeamViewer*

28  *US, Inc. and Does 1 through 100*, Case No. 30-2020-01172402-CU-BT-CXC (the

1   "State Court Action"); TeamViewer was served with a copy of the Summons and

2   Complaint by process server on December 10, 2020.  A true and correct copy of the

3   State Court Action file, including the Complaint and Summons, is attached as

4   **Exhibit A**.

5       2.      This Notice of Removal is timely because it is filed within thirty days

6   of the December 10, 2020 service of the Summons and Complaint.  *See* 28 U.S.C. §

7   1446(b); Fed. R. Civ. P. 6(a).

8           B.      **Plaintiff's Putative Class Action Complaint**

9       3.      In the Complaint, Plaintiff's grievance relates to his purchase by credit

10  card of TeamViewer's remote access software subscription in September 2019 that

11  Plaintiff expressly acknowledged, at the time of his purchase, would automatically

12  renew each year unless canceled.  Plaintiff allegedly did not cancel his subscription

13  within the first year, resulting in an automatic renewal for $588.00 in September

14  2020.  Compl. ¶¶ 5, 13.  Based on these allegations, Plaintiff asserts two claims

15  against TeamViewer for violations of the California (1) Consumer Privacy Act

16  ("CCPA"), Cal. Civ. Code §§ 1798.100 et seq., and (2) Unfair Competition Law

17  ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.  *See id.* ¶¶ 11-38.  For the CCPA

18  claim, Plaintiff alleges, without explanation, that TeamViewer violated its "duty to

19  implement and maintain appropriate reasonable security procedures and practices"

20  regarding his credit card and related personal information to prevent "unauthorized

21  access and infiltration" of that information.  Plaintiff does not, however, explain

22  what "security procedures and practices" he claims were improperly maintained or

23  how TeamViewer's routine processing of the automatic renewal constitutes an

24  unauthorized "infiltration" of or access to his data.  *Id.*  For the UCL claim, Plaintiff

25  alleges that TeamViewer violated the "unlawful" prong by failing to adhere to the

26  notice and display requirements for automatic renewal offers set forth in Cal. Bus.

27  & Prof. Code § 17602; Plaintiff also contends TeamViewer's automatic renewal

28  offer violated the UCL's "unfair" prong because, he contends, TeamViewer's

- 3 -

subscription purchase process "is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers" with no countervailing benefit, and "is contrary to the California Legislature's intent" in Cal. Bus. & Prof. Code § 17600. *Id.*

4.     TeamViewer strongly disputes Plaintiff's allegations, believes the Complaint is meritless, and denies that Plaintiff or any putative class members suffered any cognizable injury.

## II.     CAFA JURISDICTION

5.     Federal diversity jurisdiction exists over this removed action under CAFA, 28 U.S.C. § 1332(d).  Section 1332(d) provides that the United States District Courts have original jurisdiction over any class action: (1) involving a plaintiff class of 100 or more members; (2) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs; and (3) where at least one member of the plaintiff class is a citizen of a State different from any defendants.  *See* 28 U.S.C. § 1332(d)(2)(A) & 5(B).  Here, as explained below, each CAFA requirement is easily met.

### A.     The Class Consists of More Than 100 Members

6.      This action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure …."  28 U.S.C. § 1332(d)(1)(B); *id.* § 1453(a), (b); Compl. ¶¶ 39-46 ("Class Action Allegations").

7.     Plaintiff's Complaint purports to bring claims on behalf of himself and two California subclasses: (1) "All customers of TeamViewer who were California residents on or after January 1, 2020 and whose accounts, credit or debit cards were charged without the customers' affirmative, explicit and unequivocal authorization" (the "CCPA subclass") and (2) "All customers of TeamViewer who were California residents on or after December 1, 2016 and who were charged for TeamViewer's software subscription where the customer did not want, need or use the software

NOTICE OF REMOVAL
CV _____

(the "UCL subclass").  Compl. ¶ 40.  Plaintiff further alleges the class is "numerous enough that a joinder is impracticable."  *Id.* ¶ 42.  Indeed, in 2020 alone, thousands of customers with California billing addresses purchased by credit card the automatically renewable TeamViewer software at issue.

### B.   The Amount in Controversy Exceeds $5,000,000

8.    Under CAFA, the amount-in-controversy requirement is satisfied if the claims of the putative class exceed, in the aggregate, $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  Although TeamViewer disputes that it is liable for any alleged damage supposedly suffered by Plaintiff or other putative class members, the requirement is satisfied if Plaintiff's claims on behalf of himself and the putative class would, if successful, exceed $5 million.  *E.g.*, *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.").

9.    Although Plaintiff alleges in the "Jurisdiction and Venue" section of the Complaint that the "aggregate claims of individual class members do not exceed $5,000,000 exclusive of interests and costs" (Compl. ¶ 9), Plaintiff's attempted disclaimer of the amount-in-controversy requirement does not insulate the Complaint from removal.  *E.g.*, *Quetel v. Cosmo Store Servs., LLC*, 2010 WL 11596146, at *4 (C.D. Cal. Oct. 26, 2010) ("Because Plaintiffs' 'state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold,'" Defendant must bear the burden of proving that CAFA jurisdictional requirements are met); *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238-39 (9th Cir. 2014) (defendant must show by "preponderance of the evidence" that $5 million jurisdictional amount in controversy is met).  For example, the proposed "UCL Subclass" purports to extend back through 2016, and renewal

billings among credit card purchases with California addresses from only part of that time period (2019-2020) exceed $7 million.

### C.   Diversity of Citizenship

10.    Diversity of citizenship exists under CAFA if "any member of the class of plaintiffs' has diverse citizenship from at least one defendant.  28 U.S.C. § 1332(d)(2)(A).

11.    As alleged in the Complaint, TeamViewer "is a Delaware corporation headquartered in Clearwater, Florida."  Compl. ¶ 4.  Thus, for diversity purposes, TeamViewer is a citizen of Delaware and Florida, not California.  *E.g.*, *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010).

12.    Plaintiff Gershfeld is allegedly a resident of "Fullerton, California."  Compl. ¶ 3.

13.    The alleged putative classes consist exclusively of California residents. Compl. ¶ 40.

14.    Accordingly, based on the allegations in the Complaint, Plaintiff and at least one putative class member (indeed, all putative class members, by definition) has diverse citizenship from TeamViewer.  28 U.S.C. § 1332(d)(2)(A).

### D.   No Exception to CAFA Jurisdiction Applies

15.     CAFA contains several exceptions that, where applicable, may prevent a federal court from exercising jurisdiction over a class action, even if the class action otherwise meets CAFA's threshold requirements.  *See* 28 U.S.C. § 1332(d)(3)-(d)(4).  It is Plaintiff's burden to demonstrate an exception to CAFA applies.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023-24 (9th Cir. 2007) (requiring party seeking remand to demonstrate applicability of the "home state" and "local controversy" exceptions to CAFA).  Here, Plaintiff cannot do so.

a.    **28 U.S.C. § 1332(d)(3):** Under § 1332(d)(3), a district court "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" under CAFA when, among other things, "greater

NOTICE OF REMOVAL
CV _____

than one-third but less than two-thirds of the members of all proposed classes …
and the primary defendants are citizens of the State in which the action was
originally filed …."  28 U.S.C. § 1332(d)(3).  As explained above, the Complaint
was filed in California but TeamViewer (the only named defendant) does not have
California citizenship.  *See supra* Section II.C.  Thus, the exception in Section
1332(d)(3) does not apply.

        b.    **28 U.S.C. § 1332(d)(4)(A) & (B):**  Under § 1332(d)(4), a
district court "shall decline to exercise jurisdiction" under CAFA if: (A) "greater
than two-thirds of the members of all proposed classes in the aggregate are citizens
of the State in which the action was filed" and "at least 1 defendant is a defendant
… who is a citizen of the State in which the action was original filed," 28 U.S.C. §
1332(d)(4)(A); or (B) "two-thirds or more of the members of all proposed plaintiff
classes in the aggregate, and the primary defendants, are citizens of the State in
which the action was originally filed."  28 U.S.C. § 1332(d)(4)(B).  Here, again,
these exceptions do not apply because TeamViewer is not a citizen of California—
the "State in which the action was originally filed."  Accordingly, neither Section
1332(d)(4)(A) nor 1332(d)(4)(B) applies to preclude CAFA jurisdiction.

**III.**    **VENUE**

       16.    The State Court Action was filed in Orange County Superior Court.
Orange County is located within the Central District of California.  28 U.S.C. §
84(c)(3) ("Central District" of California, Southern Division, "comprises Orange
County").  This Notice of Removal is thus properly filed in this Court pursuant to
28 U.S.C. § 1441(a), 1446(a), and 1453(b).

**IV.**    **NOTICE**

       17.    28 U.S.C. § 1446(a) requires that copies of all pleadings, process, and
orders served upon the removing defendant in the State Court Action be attached to
the Notice of Removal.  These materials are attached to this Notice as **<u>Exhibit A</u>**.

       18.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is

NOTICE OF REMOVAL
CV _____

1  being contemporaneously filed with the Clerk of the Superior Court of the State of

2  California for the County of Orange and served upon Plaintiff.

3  **V.    <u>CONCLUSION</u>**

4         19.    This action is removed subject to and without waiving any challenges

5  that TeamViewer may have as to personal jurisdiction, proper venue, or any other

6  claims or defenses that may be available to TeamViewer, all of which are expressly

7  reserved.

8         20.    TeamViewer respectfully reserves the right to amend or supplement

9  this Notice of Removal as may be appropriate.

10

11         **WHEREFORE**, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, 1453,

12  Defendant TeamViewer US, Inc., the sole named defendant, respectfully removes

13  this action from the Superior Court of the State of California, Orange County, to

14  this Honorable Court, the United States District Court for the Central District of

15  California.

16         Dated: January 11, 2021

O'MELVENY & MYERS LLP

By:    /s/ Matthew D. Powers
       Matthew D. Powers
Attorneys for Defendant
TeamViewer US, Inc.

NOTICE OF REMOVAL
CV _____