# EXHIBIT A

Case Summary:

| Case Id: | 30-2020-01172402-CU-BT-CXC |
|---|---|
| Case Title: | JACK GERSHFELD VS. TEAMVIEWER US, INC. |
| Case Type: | BUSINESS TORT |
| Filing Date: | 12/01/2020 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 1790817 RECEIVED ON 12/01/2020 08:23:13 AM. | 12/01/2020 | | *NV* | |
| 2 | COMPLAINT FILED BY GERSHFELD, JACK ON 12/01/2020 | 12/01/2020 | | 12 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY GERSHFELD, JACK ON 12/01/2020 | 12/01/2020 | | 1 pages | ☐ |
| 4 | SUMMONS ISSUED AND FILED FILED BY GERSHFELD, JACK ON 12/01/2020 | 12/01/2020 | | 1 pages | ☐ |
| 5 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER, 35 - COMPLEX CASE FEE - RESPONSE IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 12814314 AND RECEIPT NUMBER 12641432. | 12/01/2020 | | 1 pages | ☐ |
| 6 | CASE ASSIGNED TO JUDICIAL OFFICER CLASTER, WILLIAM ON 12/01/2020. | 12/01/2020 | | *NV* | |
| 7 | E-FILING TRANSACTION 1793870 RECEIVED ON 12/10/2020 11:19:30 AM. | 12/10/2020 | | *NV* | |
| 8 | PROOF OF SERVICE OF 30-DAY SUMMONS & COMPLAINT - PERSONAL FILED BY GERSHFELD, JACK ON 12/10/2020 | 12/10/2020 | | 3 pages | ☐ |
| 9 | PROPOSED STIPULATION AND ORDER RECEIVED ON 12/28/2020 | 12/28/2020 | | 3 pages | ☐ |
| 10 | E-FILING TRANSACTION 3966640 RECEIVED ON 12/28/2020 04:33:54 PM. | 12/28/2020 | | *NV* | |
| 11 | PROOF OF SERVICE FILED BY TEAMVIEWER US, INC. ON 12/28/2020 | 12/28/2020 | | 2 pages | ☐ |
| 12 | E-FILING TRANSACTION 1798363 RECEIVED ON 12/28/2020 04:33:56 PM. | 12/31/2020 | | *NV* | |
| 13 | STIPULATION AND ORDER FILED BY TEAMVIEWER US, INC. ON 12/31/2020 | 12/31/2020 | | 3 pages | ☐ |
| 14 | PAYMENT RECEIVED BY ONELEGAL FOR 37 - STIPULATION AND ORDER IN THE AMOUNT OF 20.00, TRANSACTION NUMBER 12826377 AND RECEIPT NUMBER 12653516. | 12/31/2020 | | 1 pages | ☐ |
| 15 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 03/02/2021 AT 08:30:00 AM IN CX104 AT CIVIL COMPLEX CENTER. | 12/31/2020 | | *NV* | |
| 16 | THE COURT DEEMS THIS CASE EXCEPTIONAL. | 12/31/2020 | | *NV* | |
| 17 | THE CASE MANAGEMENT CONFERENCE IS SCHEDULED FOR 03/02/2021 AT 08:30 AM IN DEPARTMENT CX104. | 12/31/2020 | | *NV* | |
| 18 | MINUTES FINALIZED FOR CHAMBERS WORK 2020-12-31 15:34:00.0. | 12/31/2020 | | 3 pages | ☐ |
| 19 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 12/31/2020 | | 4 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| KHITERER, INC. | ATTORNEY | | 12/01/2020 | |
| TEAMVIEWER US, INC. | DEFENDANT | | 12/01/2020 | |
| JACK GERSHFELD | PLAINTIFF | | 12/01/2020 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| CASE MANAGEMENT CONFERENCE | 03/02/2021 | 08:30 | CX104 | CLASTER |

Print this page

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Vladi Khiterer (Bar No. 177007)<br>Khiterer, Inc.<br>2901 W. Coast Hwy., Suite 200, Newport Beach, CA 92663<br><br>TELEPHONE NO.: (949) 631-6161   FAX NO.:<br>ATTORNEY FOR *(Name):* plaintiff JACK GERSHFELD | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
GERSHFELD v. TEAMVIEW US, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2020-01172402-CU-BT-CXC |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE: Judge William Claster<br>DEPT: CX104 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Two, CCPA and UCL
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 1, 2020

Vladi Khiterer
_____   ▶   _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |

Vladi Khiterer (Bar No. 177007)
Khiterer, Inc.
2901 W. Coast Hwy., Suite 200
Newport Beach, CA 92663
(949) 631-6161
vladi@khiterer.com

Attorneys for plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE, CIVIL COMPLEX CENTER

| | |
|---|---|
| JACK GERSHFELD, individually, and on behalf of a class of similarly situated, | Case No. 30-2020-01172402-CU-BT-CXC |
| | Assigned for all purposes to: Judge William Claster |
| | Dept: CX104 |
| Plaintiff, | **CLASS ACTION** |
| vs. | **Complaint** |
| | (1) Violation of California Consumer Privacy Act of 2018, California *Civil Code* § 1798.100 *et seq.* (the "CCPA") |
| TEAMVIEWER US, INC., and DOES 1 through 100, inclusive, | |
| | (2) Violation of California Unfair Competition Law, California *Business and Professions Code* § 17200 *et seq.* (the "UCL") |
| Defendants. | |

Plaintiff, Jack Gershfeld, ("plaintiff") alleges:

**First Cause of Action for Violation of the CCPA**

## INTRODUCTION

1.     Plaintiff brings this action for himself and on behalf of all similarly situated (collectively the "Class Members"), namely, all California customers of Teamviewer US, Inc. ("Teamviewer") whose nonencrypted and nonredacted personal information was subject to an unauthorized access and infiltration, theft or disclosure as a result of Teamviewer's failure to implement and maintain

reasonable and appropriate security procedures and practices, and who were charged for Teamviewer's software subscription where the customers did not want, need or use said software.

2.      Whenever this complaint refers to Teamviewer's violations of the CCPA and UCL suffered by Plaintiff, it shall be also referring, with equal force, to the violations of the CCPA and UCL suffered by the Class Members.

### THE PARTIES

3.      Plaintiff resides in Fullerton, California. Plaintiff was Teamviewer's customer.

4.      Teamviewer is a Delaware corporation headquartered in Clearwater, Florida.

5.      Teamviewer provides remote access software that allows control, management, monitoring and repair of computers and other devices remotely (the "Software").  The Software is purchased via a download from Teamviewer's website www.teamviewer.com.

6.      Plaintiff does not know the true names of defendants DOES 1 through 100, inclusive.  Therefore, plaintiff sues said defendants by such fictitious names. Each of the defendants designated in this complaint as a DOE committed the same violations as those alleged against Teamviewer.

7.      Whenever this complaint refers to Teamviewer, it shall be also referring, with equal force, to defendants DOES 1 through 100, inclusive. Plaintiff will ask leave of Court to amend this complaint to show the names of defendants DOES 1 through 100, inclusive, when they have been ascertained.

8.      At all times mentioned in this complaint, defendants were the agents, servants, employees, successors-in-interest and assigns of each other and were acting within the course and scope of their authority as such agents, servants, employees, successors and/or assigns.

Complaint

## JURISDICTION AND VENUE

9.      This is a class action. Members of the proposed class are citizens of California. The aggregate claims of individual class members do not exceed $5,000,000.00 exclusive of interest and costs. Jurisdiction is proper in this Court pursuant to California *Code of Civil Procedure* § 382.

10.      Venue is proper in this Court because a substantial part of the events giving rise to the claims in this action occurred in Orange County, California.

## TEAMVIEWER VIOLATED THE CCPA

11.      The CCPA proscribes an unauthorized access and exfiltration, theft, or disclosure of a customer's nonencrypted and nonredacted personal information as a result of the business's violation of the duty to implement and maintain appropriate reasonable security procedures and practices.

12.      The nonencrypted and nonredacted personal information subject to the CCPA includes an individual's first and last names in combination with an account, credit or debit card number, in combination with any required security code, access code, or password that would permit access to an individual's financial account (hereinafter the "Personal Information").

13.      On 09/19/2019, plaintiff purchased a year's worth of the Software subscription and paid $499.80 by his credit card.  To this end, plaintiff filled out the Personal Information, namely, the credit card number, first and last name, credit card expiration date, CVC code, on the checkout page of the www.teamviewer.com website reproduced below:

Plaintiff then clicked the "submit" button and purchased the Software subscription.

14.    At no time did plaintiff authorize his credit card to be used or charged for any other purchase.

15.    Other than said purchase of the Software subscription on 09/19/2019, at no time did plaintiff authorize his Personal Information to be accessed, exfiltrated, or disclosed.

16.    Teamviewer retained and stored the Personal Information in a nonencrypted and nonredacted fashion.

17.    Plaintiff used the Software for about 6 months and then discontinued using it.  Plaintiff no longer needed the Software and he had no intention of purchasing it again.

18.    On 09/21/2020, Teamviewer, without authorization, accessed and exfiltrated plaintiff's Personal Information and disclosed it to Teamviewer's credit

card processors, including Adyen, Inc., thus causing plaintiff's credit card to be charged $588.00. The $588.00 charge was purportedly for a year's worth of the Software subscription, albeit unwanted.

19.     Teamviewer had a duty to implement and maintain appropriate reasonable security procedures and practices vis-à-vis the Personal Information, such that the Personal Information is not accessed, exfiltrated and disclosed to third parties or used to charge customers' financial accounts unless expressly and unequivocally authorized by customers.

Teamviewer failed in discharging this duty, which caused plaintiff's credit card to be charged $588.00.

20.     Plaintiff demanded a refund of the $588.00 immediately after the charge, but Teamviewer refused to issue a refund. Plaintiff then disputed the charge with the credit card company but Teamviewer fought the dispute and prevailed.

21.     Plaintiff served Teamviewer with a pre-lawsuit notice under California *Civil Code* § 1798.150(b). Said notice was received by Teamviewer on 10/31/2020.

As of the date of filing this lawsuit, Teamviewer failed to cure the violations.

22.     Teamviewer's violations of the CCPA and failure to cure the violations entitles plaintiff and the Class Members to the damages set forth in California *Civil Code* § 1798.150(a)(1)(A), which relief is hereby requested.

23.     Unless enjoined by the Court, Teamviewer will continue to violate the CCPA.  Accordingly, an order enjoining Teamviewer from charging the Class Members' accounts, credit or debit cards without the Class Members' affirmative, explicit and unequivocal authorization is requested pursuant to California *Civil Code* § 1798.150(a)(1)(B).

## Second Cause of Action for Violation of the UCL

24.      Plaintiff incorporates by reference ¶¶ 1 – 23.

### TEAMVIEWER VIOLATED THE UCL

25.      The UCL prohibits acts of "unfair competition", including any "unlawful, unfair or fraudulent business act or practice". Teamviewer violated the unlawful and unfair prongs of the UCL.

26.      Teamviewer's violation of the unlawful prong of the UCL includes violation of California common law set forth in a number of California cases, including *Peterson v. Cellco Partnership* (2008) 164 Cal.App.4th 1583, that sets forth the elements of an unjust enrichment claim as "receipt of a benefit and the unjust retention at the expense of another" particularly when "plaintiff does not get the exchange that he expected". Teamviewer received plaintiff's $588.00 purportedly for a year's worth of the Software subscription where plaintiff did not want, need or use the Software. Teamviewer was unjustly enriched in the amount of $588.00, which is a violation of California common law.

27.      Teamviewer's violation of the unlawful prong of the UCL includes violation of California common law set forth in a number of California cases, including *Moran v. Prime Health Care Management* (2016) 3 Cal.App.5th 1131, that proscribe charging unconscionable prices. The price of $588.00 for a year's worth of the Software subscription where plaintiff did not want, need or use the Software is unconscionable, which is a violation of California common law.

28.      Teamviewer's violation of the unlawful prong of the UCL includes violation of California *Business and Professions Code* § 17602(a)(1) by failing to present the automatic renewal offer terms in a clear and conspicuous manner before the subscription is fulfilled and in visual proximity to the request for consent to the offer.

29.     Teamviewer's violation of the unlawful prong of the UCL includes violation of California *Business and Professions Code* § 17602(a)(2) by charging plaintiff's credit for an automatic renewal without first obtaining plaintiff's affirmative and unequivocal consent. Plaintiff did not want, need or use the Software and he never gave Teamviewer an affirmative and unequivocal consent to charge his credit card.  As a result of the violation, plaintiff's credit card was charged $588.00.

30.     Teamviewer's violation of the unlawful prong of the UCL includes violation of California *Business and Professions Code* § 17602(a)(3) by failing to provide an acknowledgment that includes the automatic renewal offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. Because plaintiff did not want, need or use the Software, but for the violation, he would have availed himself of an easy-to-use and conspicuous mechanism for cancellation and avoided the $588.00 charge.

31.     Teamviewer's violation of the unlawful prong of the UCL includes violation of California *Business and Professions Code* § 17602(b) by failing to provide a toll-free telephone number, electronic mail address, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in said acknowledgment. Specifically, the website www.teamviewer.com does not conspicuously explain how a customer could cancel the subscription. Because plaintiff did not want, need or use the Software, but for the violation, he would have availed himself of an easy-to-use and conspicuous mechanism for cancellation and avoided the $588.00 charge.

32.     Teamviewer's violation of the unlawful prong of the UCL includes violation of California *Business and Professions Code* § 17602(b) by failing to

allow to terminate the automatic renewal exclusively online. Specifically, the website www.teamviewer.com does not conspicuously provide the ability to terminate the automatic renewal exclusively online and does not conspicuously explain how a customer could cancel the subscription.  Because plaintiff did not want, need or use the Software, but for the violation, he would have availed himself of an easy-to-use and conspicuous mechanism for cancellation and avoided the $588.00 charge.

33.     Teamviewer's violation of the unlawful prong of the UCL includes violation of California *Business and Professions Code* § 17602(d) by making a material change from $499.80 to $588.00 for a year's worth of the Software subscription and failing to provide plaintiff with a clear and conspicuous notice of said material change and failing to provide conspicuous information regarding how to cancel. Because plaintiff did not want, need or use the Software, but for the violation, he would have availed himself of an easy-to-use and conspicuous mechanism for cancellation and avoided the $588.00 charge.

34.     Teamviewer's charging plaintiff $588.00 for a year's worth of the Software subscription where plaintiff did not want, need or use the Software, violates the unfair prong of the UCL because it is immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers, such that the utility of such conduct is zero while the gravity of the harm to the consumers is substantial.

35.     Teamviewer's charging plaintiff $588.00 for a year's worth of the Software subscription where plaintiff did not want, need or use the Software, violates the unfair prong of the UCL because the consumer injury is substantial, the injury is not outweighed by any countervailing benefits to consumers (in fact, there is zero benefit to consumers), and the injury is of the type that consumers could not reasonably have avoided.

36.     Teamviewer's charging plaintiff $588.00 for a year's worth of the Software subscription where plaintiff did not want, need or use the Software, violates the unfair prong of the UCL because it is contrary to California Legislature's intent to end the practice of ongoing charging of consumer credit or debit cards or third party payments for such subscriptions without the consumers' explicit consent, as set forth in California *Business and Professions Code* § 17600. Plaintiff did not want, need or use the Software and he never gave Teamviewer an affirmative, explicit and unequivocal consent to charge his credit card.  As a result of the violation, plaintiff's credit card was charged $588.00.

37.     Teamviewer's violations of the UCL entitles plaintiff and the Class Members to restitution pursuant to California *Business and Professions Code* § 17203, which relief is hereby requested.

38.     Unless enjoined by the Court, Teamviewer will continue to violate the UCL.  Accordingly, an order enjoining Teamviewer from charging the Class Members for software subscriptions where the Class Members did not want, need or use said software is requested pursuant to California *Business and Professions Code* § 17203.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff brings this lawsuit as a class action pursuant to California *Code of Civil Procedure* § 382. Plaintiff seeks to represent the Class based on the violation of the CCPA and UCL as alleged in this Complaint.

40.     Class. The Class is defined below:

(a)     The CCPA subclass:

All customers of Teamviewer who were California residents on and after January 1, 2020 and whose accounts, credit or debit cards were charged without the customers' affirmative, explicit and unequivocal authorization.

(b)     The UCL subclass:

All customers of Teamviewer who were California residents on and after December 1, 2016 and who were charged for Teamviewer's software subscription where the customers did not want, need or use said software.

41.    <u>Ascertainability.</u> The Class Members can be readily identified because Teamviewer has the Class Members' e mail addresses. The definitions of the subclasses above will permit the Class-Members to self-identify.

42.    <u>Numerosity.</u> The exact number of the Class Members will be ascertained through discovery, but it is numerous enough that a joinder is impracticable. The disposition of the claims of these Class Members is a single class action will provide substantial benefits to all parties and the Court.

43.    <u>Typicality.</u> The claim of the representative Plaintiff is not just typical, it is identical to the claims of the Class Members. Plaintiff and the Class Members were injured by Teamviewer's violation of the CCPA and UCL in an identical fashion.

44.    <u>Commonality.</u> There are numerous questions of law and fact common to Plaintiff and Class Members that predominate over any question affecting only individual Class Members, including whether or not Teamviewer violated the CCPA and UCL by charging the Class Members' accounts, credit or debit cards without the Class Members' affirmative, explicit and unequivocal authorization and by charging the Class Members for Teamviewer's software subscriptions where the Class Members did not want, need or use said software. The issues of remedies under California *Civil Code* §§ 1798.150(a)(1)(A) and 1798.150(a)(1)(B) and California *Business and Professions Code* § 17203 can be adjudicated on a class-wide basis because the amounts of damages and/or restitution are easy to determine by the amounts set forth in California *Civil Code* §§ 1798.150(a)(1)(A) and/or the amounts charged for the unwanted software subscription.

45.     <u>Adequacy.</u> Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff is represented by a competent counsel. Plaintiff is committed to prosecuting this action vigorously on behalf of the Class Members and has financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the Class Members.

46.     <u>Superiority.</u> Class Action in this case is superior because the amounts of individual claims are too small to justify the expense of litigation, the individual Class Members would have to bring virtually identical actions as other Class Members and having such duplicative actions is contrary to judicial economy and efficiency, without this class action, Teamviewer will be unjustly enriched by its violations of the CCPA and UCL.

## RELIEF REQUESTED

Plaintiff Jack Gershfeld, on behalf of himself and all others similarly situated, requests that the Court enter judgment against defendant Teamviewer UC, Inc. as follows:

-       An order certifying the proposed Class, designating Plaintiff as named representative of the Class, and designating the undersigned as Class Counsel;

-       An order that defendant Teamviewer UC, Inc. pay damages to Plaintiff and the Class Members pursuant to California *Civil Code* § 1798.150(a)(1)(A);

-       An order enjoining Teamviewer from charging the Class Members' accounts, credit or debit cards without the Class Members' affirmative, explicit and unequivocal authorization pursuant to California *Civil Code* § 1798.150(a)(1)(B).

- An order that defendant Teamviewer UC, Inc. make restitution to Plaintiff and the Class Members pursuant to California *Business and Professions Code* § 17203;

- An order enjoining Teamviewer from charging the Class Members for software subscriptions where the Class Members did not want, need or use said software pursuant to California *Business and Professions Code* § 17203;

- An award of attorneys' fees and costs pursuant to California *Code of Civil Procedure* § 1021.5, the common fund theory, or any other applicable law;

- An award of pre-judgment and post-judgment interest, as provided by law;

- Leave to amend the complaint to conform to the evidence; and

- Such other or further relief as may be appropriate under the circumstances.

DATED: December 1, 2020                    Khiterer, Inc.

                                           /s/ *Vladi Khiterer*

                                           _____
                                           Vladi Khiterer
                                           Attorneys for plaintiff Jack Gershfeld



# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

**Superior Court of California, County of Orange**

751 W. Santa Ana Blvd
Santa Ana,  CA 92701

**E-Filing Transaction #:** 1790817

### PAYMENT RECEIPT

**Receipt #:** 12641432

**Clerk ID:** sloose          **Transaction No:** 12814314          **Transaction Date:** 12/01/2020          **Transaction Time:** 08:56:02 AM

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2020-01172402-CU-BT-CXC | 194 - Complaint or other 1st paper | 1 | $435.00 | $435.00 | $435.00 | $0.00 |
| 30-2020-01172402-CU-BT-CXC | 35 - Complex Case Fee - Response | 1 | $1,000.00 | $1,000.00 | $1,000.00 | $0.00 |

|  |  |
|---|---|
| Sales Tax: | $0.00 |
| **Total:** | **$1,435.00** |

Total Rem. Bal:

E-Filing :  - OneLegal

|  |  |
|---|---|
| E-Filing: | $1,435.00 |
| Total Amount Tendered: | $1,435.00 |
| Change Due: | **$0.00** |
| Balance: | **$0.00** |

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

Electronically Filed by Superior Court of California, County of Orange, 12/01/2020 08:23:13 AM
30-2020-01172402-CU-BT-CXC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk.
Case 30-2020-01172402-CU-BT-CXC ROA # 4 Page ID #:26

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TEAMVIEWER US, INC., and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JACK GERSHFELD,
individually, and on behalf of a class of similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of the State of California,<br>County of Orange, Civil Complex Center,<br>751 W. Santa Ana Blvd., Santa Ana, CA 92701 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>30-2020-01172402-CU-BT-CXC<br><br>Judge William Claster |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Vladi Khiterer, Khiterer, Inc., 2901 W. Coast Hwy. Suite 200 Newport Beach CA 92663, 949-631-6161

DAVID H. YAMASAKI, Clerk of the Court

| DATE:<br>*(Fecha)* | 12/01/2020 | Clerk, by<br>*(Secretario)* | Sarah Loose | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br><br>KHITERER, INC.<br>2901 W. Coast Hwy., Suite 200<br>Newport Beach, CA 92663<br><br>TELEPHONE NO.: (949) 631-6161<br>ATTORNEY FOR: Plaintiff Jack Gershfeld | *FOR COURT USE ONLY* |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | |
|---|---|
| STREET ADDRESS: 751 W. Santa Ana Blvd.<br>MAILING ADDRESS: Santa Ana, CA 92701<br>CITY AND ZIP CODE:<br>BRANCH NAME: Civil Complex Center | |

| PLAINTIFF: JACK GERSHFELD<br><br>DEFENDANT: TEAMVIEWER US, INC. and DOES 1 through 100,<br>inclusive | CASE NUMBER:<br>30-2020-01172402-CU-BT-CXC |
|---|---|
| **PROOF OF SERVICE** | Ref. No. or File No.: |

1. I am over 18 years of age and not a party to this action.

2. Received by Accel Process Service, Inc. on 12/8/2020 at 11:17 am to be served on **TEAMVIEWER US, INC., 5741 RIO VISTA DR, CLEARWATER, FL 33760.**

3. served an **AUTHORIZED** entity by delivering a true copy of the **SUMMONS, CLASS ACTION COMPLAINT** with the date and hour of service endorsed thereon by me, to: **Keara Moyer** as **Office Manager** at the address of: **5741 RIO VISTA DR, CLEARWATER, FL 33760**, who stated they are authorized to accept service for **TEAMVIEWER US, INC.**, and informed said person of the contents therein, in compliance with state statutes.

4. Date and Time of service: 12/10/2020 at 11:02 am

5. Description: Age: 40, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 160, Hair: Auburn, Glasses: Y

6. Military Status: Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

7. Marital Status: Based upon inquiry of party served, Defendant is not married.

8. I am

9. My name, address, telephone number, and, if applicable, county of registration and number are:
   Name: Mike McCann
   Firm: Accel Process Service, Inc.
   Address: 10485 Hazel Street, Largo, FL 33778
   Telephone number: (727) 492-0651
   Registration Number: 12048
   County: All Areas

10. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 10, 2020

Mike McCann
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

▶ _(signature)_
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

Page 1 of 1

**PROOF OF SERVICE**

Job Number DAT-2020001971

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

12-10-2020
11:02 Am
mm
12048

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TEAMVIEWER US, INC., and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JACK GERSHFELD,
individually, and on behalf of a class of similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the State of California,

County of Orange, Civil Complex Center,
751 W. Santa Ana Blvd., Santa Ana, CA 92701

**CASE NUMBER:**
*(Número del Caso):*
30-2020-01172402-CU-BT-CXC

Judge William Claster

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Vladi Khiterer, Khiterer, Inc., 2901 W. Coast Hwy. Suite 200 Newport Beach CA 92663, 949-631-6161

DAVID H. YAMASAKI, Clerk of the Court

| **DATE:** *(Fecha)* | 12/01/2020 | Clerk, by *(Secretario)* | _Sloose_ | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

Sarah Loose

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Teamviewer US, Inc.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

Accel Process Service, Inc.
10485 Hazel Street
Largo, FL 33778
Phone: (727) 492-0651
Fax: (727) 289-9475

## INVOICE

Invoice #DAT-2020001971
12/10/2020



KHITERER, INC.
2901 W. Coast Hwy., Suite 200
Newport Beach, CA 92663

**Case Number: Orange 30-2020-01172402-CU-BT-CXC**

Plaintiff:
**JACK GERSHFELD**

Defendant:
**TEAMVIEWER US, INC. and DOES 1 through 100, inclusive**

Received: 12/8/2020   Served: 12/10/2020 11:02 am  AUTHORIZED
To be served on: TEAMVIEWER US, INC.

### ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Service Fee (Local) | 1.00 | 75.00 | 75.00 |
| TOTAL CHARGED: | | | $75.00 |
| 12/8/2020 | | | 75.00 |
| **BALANCE DUE:** | | | **$0.00** |

**Thank you for your business!**

Please enclose a copy of this invoice with your payment. Payment terms effective immediately: Invoices are due
UPON RECEIPT. Please notify our office if payment has been made. Client will be responsible for all attorney's fees
and costs incurred for any accounts sent to collections. Jurisdiction is vested in Pinellas County, Florida. A LawPay
link is available in the signature line of our emails. All credit cards are accepted.
All Credit Cards are accepted.

Page 1 / 1

Electronically Filed by Superior Court of California, County of Orange, 12/28/2020 04:33:09 PM.
30-2020-01172402-CU-BT-CXC - ROA # 11 - DAVID H. YAMASAKI, Clerk of the Court By e Clerk, Deputy Clerk.
Case 8:21-cv-00583-JLS-ADS Document 1 Filed 04/01/21 Page 22 of 33 Page ID #:30

1   Randall W. Edwards (State Bar No. 179053)
    Email: redwards@omm.com
2   Matthew D. Powers (State Bar No. 212682)
    Email: mpowers@omm.com
3   Adam M. Kaplan (State Bar No. 298077)
    Email: akaplan@omm.com
4   **O'MELVENY & MYERS LLP**
    Two Embarcadero Center, 28th Floor
5   San Francisco, California 94111
    Telephone: (415) 984-8700
6   Facsimile: (415) 984-8701

7   *Attorneys for Defendant TeamViewer US, Inc.*

8   Vladi Khiterer (State Bar No. 177007)
    Email: vladi@khiterer.com
9   **KHITERER, INC.**
    2901 W. Coast Hwy., Suite 200
10  Newport Beach, CA 92663
    Telephone: (949) 631-6161
11

12  *Attorneys for Plaintiff Jack Gershfeld*

13          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14      **FOR THE COUNTY OF ORANGE, CIVIL COMPLEX CENTER**

15

16  JACK GERSHFELD, on behalf of himself and all        Case No. 30-2020-01172402-CU-BT-CXC
    others similarly situated,
17                                                       **PROOF OF SERVICE**
                        Plaintiff,
18                                                       Dept.:    CX104
            v.                                           Judge:    Hon. William Claster
19
    TEAMVIEWER US, INC., et al.,                         Filed:    December 1, 2020
20
                        Defendants.
21

22

23

24

25

26

27

28

                                                         No. 30-2020-01172402-CU-BT-CXC
                              PROOF OF SERVICE

## PROOF OF SERVICE

I, Linda Morris,  declare:

I am a resident of the State of California and over the age of eighteen years and not a party to the within action.  My business address is Two Embarcadero Center, 28th Floor, San Francisco, California 94111.  I declare that on December 28, 2020, I served a true and complete copy of the following document(s) entitled:

### JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DEADLINE TO RESPOND TO COMPLAINT

| X | **ELECTRONIC SERVICE:**  by serving a true and correct copy of the document(s) listed above to be transmitted via electronic mail (in PDF format) as set forth below |
|---|---|

on the recipients designated bellow:

| | |
|---|---|
| <u>**Attorneys for Plaintiff Jack Gershfeld**</u><br><br>Vladi Khiterer (State Bar No. 177007)<br>Email: vladi@khiterer.com<br>**KHITERER, INC.**<br>2901 W. Coast Hwy., Suite 200<br>Newport Beach, CA 92663<br><br>Telephone: (949) 631-6161 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 28, 2020, at San Francisco, California.

_Linda Morris_
Linda Morris

2
PROOF OF SERVICE

No. 30-2020-01172402-CU-BT-CXC

1798363

1 | Randall W. Edwards (State Bar No. 179053)
Email: redwards@omm.com
2 | Matthew D. Powers (State Bar No. 212682)
Email: mpowers@omm.com
3 | Adam M. Kaplan (State Bar No. 298077)
Email: akaplan@omm.com
4 | **O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
5 | San Francisco, California 94111
Telephone: (415) 984-8700
6 | Facsimile: (415) 984-8701

7 | *Attorneys for Defendant TeamViewer US, Inc.*

8 | Vladi Khiterer (State Bar No. 177007)
Email: vladi@khiterer.com
9 | **KHITERER, INC.**
2901 W. Coast Hwy., Suite 200
10 | Newport Beach, CA 92663
Telephone: (949) 631-6161

11 |

12 | *Attorneys for Plaintiff Jack Gershfeld*

13 | ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

14 | ### FOR THE COUNTY OF ORANGE, CIVIL COMPLEX CENTER

15 |

| | |
|---|---|
| JACK GERSHFELD, on behalf of himself and all others similarly situated, | Case No. 30-2020-01172402-CU-BT-CXC |
| Plaintiff, | **JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DEADLINE TO RESPOND TO COMPLAINT** |
| v. | |
| TEAMVIEWER US, INC., et al., | Dept.: CX104 <br> Judge: Hon. William Claster |
| Defendants. | Filed: December 1, 2020 |

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DEADLINE TO RESPOND TO COMPLAINT

1    WHEREAS, on December 1, 2020, Plaintiff Jack Gershfeld filed a Complaint against Defendant

2    TeamViewer US, Inc. ("TeamViewer") in the above-captioned action;

3    WHEREAS, TeamViewer was served with the summons and Complaint on December 10, 2020,

4    making the current deadline to respond to the complaint January 11, 2021;

5    WHEREAS, on December 28, 2020, TeamViewer requested and Plaintiff agreed to an additional

6    thirty (30) days for TeamViewer to respond to the Complaint, making TeamViewer's new deadline to

7    respond to the Complaint February 10, 2021.

8    NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE that TeamViewer

9    shall answer or otherwise respond to the Complaint by February 10, 2021.

10    IT IS SO STIPULATED.

11

12    Respectfully submitted,

13    DATED:  December 28, 2020    **KHITERER, INC.**

14    By:  _/s/ Vladi Khiterer_____
       Vladi Khiterer
15     2901 W. Coast Hwy., Suite 200
       Newport Beach, CA 92663
16     Telephone: (949) 631-6161

17     *Attorneys for Plaintiff*
       *JACK GERSHFELD*
18

19    DATED:  December 28, 2020    **O'MELVENY & MYERS LLP**

20    By:  _/s/ Matthew D. Powers_____
       Randall W. Edwards
21     Matthew D. Powers
       Adam M. Kaplan
22     Two Embarcadero Center, 28th Floor
       San Francisco, California 94111
23     Telephone: (415) 984-8700
       Facsimile: (415) 984-8701
24

25     *Attorneys for Defendant*
       *TEAMVIEWER US, INC.*
26

27

28
                                            2                No. 30-2020-01172402-CU-BT-CXC
──────────────────────────────────────────────────────────────
JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DEADLINE TO RESPOND TO
COMPLAINT

1

**[PROPOSED] ORDER**

2       Having considered the Stipulation and good cause appearing,

3       IT IS HEREBY ORDERED that TeamViewer shall answer or otherwise respond to the

4 Complaint by February 10, 2021.

5       IT IS SO ORDERED.

6

7       DATE: _____           _____

8                                         Hon. William Claster

9                                         Superior Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DEADLINE TO RESPOND TO COMPLAINT

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 12/31/2020                    TIME: 03:34:00 PM          DEPT: CX104

JUDICIAL OFFICER PRESIDING: William Claster
CLERK: Gus Hernandez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: **30-2020-01172402-CU-BT-CXC**  CASE INIT.DATE: 12/01/2020
CASE TITLE: **Gershfeld vs. Teamviewer US, Inc.**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Business Tort

---

EVENT ID/DOCUMENT ID: 73435808
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factor of California Rules of Court 3.715 & 3.400: Case is complex.

Each party who has not paid the Complex fee of $ 1,000 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Case Management Conference is scheduled for 03/02/2021 at 08:30 AM in Department CX104.

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352. Plaintiff shall give notice of the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

**The Court issues the attached Case Management Conference Order.**

Court orders clerk to give notice.

---

## CASE MANAGEMENT CONFERENCE ORDER

Prior to the Initial Case Management Conference, counsel for all parties are ordered to meet and confer in person (no later than 10 days before the conference) and discuss the following topics. Additionally, counsel shall be prepared to discuss these issues with this Court at the Initial Case Management Conference:

1. Parties and the addition of parties;
2. Claims and defenses;
3. Issues of law that, if considered by the Court, may simplify or foster resolution of the case.
4. Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc.);
5. A plan for preservation of evidence;
6. A plan for disclosure and discovery;
7. Whether it is possible to plan "staged discovery" so that information needed to conduct meaningful ADR is obtained early in the case, allowing the option to complete discovery if the ADR effort is unsuccessful;
8. Whether a structure of representation such as liaison/lead counsel is appropriate for the case in light of multiple plaintiffs and/or multiple defendants;
9. Procedures for the drafting of a Case Management Order, if appropriate;
10. Any issues involving the protection of evidence and confidentiality.

**Counsel for plaintiff is to take the lead in preparing a Joint Initial Case Management Conference report to be filed on or before $2$ -$2$ $3$ - 2°2$1$.**

The Joint Initial Case Management Conference Report is to include the following:

1. A list of all parties and counsel;
2. A statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
3. An outline of the claims and cross-claims and the parties against whom each claim is asserted;
4. Service lists and procedures for efficient service filing;
5. Whether any issues of jurisdiction or venue exist that might affect this Court's ability to proceed with this case;
6. Applicability and enforceability of arbitration clauses;
7. A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;
8. A description of core factual and legal issues;
9. A description of legal issues that, if decided by the Court, may simplify or further resolution of the case;

10. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations on discovery;
11. Whether particular documents and witness information can be exchanged by agreement of the parties;
12. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
13. The usefulness of a written case management order; and
14. A target date and a time estimate for trial.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Case Management Conference Report, the positions of each party or of various parties shall be set forth separately. The parties are NOT to use the case management conference form for non-complex cases (Judicial Council Form CM-110).

Plaintiff shall give notice of the Case Management Conference and serve a copy of this order upon any defendants presently or subsequently served.

ATTORNEYS APPEARING AT THE CASE MANAGEMENT CONFERENCE MUST BE FULLY FAMILIAR WITH THE PLEADINGS AND THE AVAILABLE FACTUAL INFORMATION, AND MUST ALSO HAVE THE AUTHORITY TO ENTER INTO STIPULATIONS. THESE REQUIREMENTS SHALL ALSO APPLY TO ANY FUTURE STATUS CONFERENCES HELD IN THIS CASE.

The Court orders a stay on discovery until after the initial Case Management Conference is held. Notwithstanding the stay, the Court encourages the parties to engage in an informal exchange of information and documents.



# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana,  CA  92702

**E-Filing Transaction #:** 1798363

### PAYMENT RECEIPT

**Receipt #:** 12653516

| | | | | | | |
|---|---|---|---|---|---|---|
| **Clerk ID:** ghernandez | | **Transaction No:** 12826377 | **Transaction Date:** 12/31/2020 | | **Transaction Time:** 08:48:28 AM | |

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2020-01172402-CU-BT-CXC | 37 - Stipulation and order | 1 | $20.00 | $20.00 | $20.00 | $0.00 |
| | | | Sales Tax: | | $0.00 | |
| | | | **Total:** | **$20.00** | | Total Rem. Bal: |
| E-Filing :  - OneLegal | | | | | | |
| | | | E-Filing: | | $20.00 | |
| | | | Total Amount Tendered: | | $20.00 | |
| | | | Change Due: | | **$0.00** | |
| | | | Balance: | | **$0.00** | |

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

Randall W. Edwards (State Bar No. 179053)
Email: redwards@omm.com
Matthew D. Powers (State Bar No. 212682)
Email: mpowers@omm.com
Adam M. Kaplan (State Bar No. 298077)
Email: akaplan@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

*Attorneys for Defendant TeamViewer US, Inc.*

Vladi Khiterer (State Bar No. 177007)
Email: vladi@khiterer.com
**KHITERER, INC.**
2901 W. Coast Hwy., Suite 200
Newport Beach, CA 92663
Telephone: (949) 631-6161

*Attorneys for Plaintiff Jack Gershfeld*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE, CIVIL COMPLEX CENTER

| | |
|---|---|
| JACK GERSHFELD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TEAMVIEWER US, INC., et al.,<br><br>Defendants. | Case No. 30-2020-01172402-CU-BT-CXC<br><br>**JOINT STIPULATION AND [~~PROPOSED~~] ORDER REGARDING DEADLINE TO RESPOND TO COMPLAINT**<br><br>Dept.: CX104<br>Judge: Hon. William Claster<br><br>Filed: December 1, 2020 |

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DEADLINE TO RESPOND TO COMPLAINT

WHEREAS, on December 1, 2020, Plaintiff Jack Gershfeld filed a Complaint against Defendant TeamViewer US, Inc. ("TeamViewer") in the above-captioned action;

WHEREAS, TeamViewer was served with the summons and Complaint on December 10, 2020, making the current deadline to respond to the complaint January 11, 2021;

WHEREAS, on December 28, 2020, TeamViewer requested and Plaintiff agreed to an additional thirty (30) days for TeamViewer to respond to the Complaint, making TeamViewer's new deadline to respond to the Complaint February 10, 2021.

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE that TeamViewer shall answer or otherwise respond to the Complaint by February 10, 2021.

IT IS SO STIPULATED.

Respectfully submitted,

DATED:  December 28, 2020          **KHITERER, INC.**

By: _/s/ Vladi Khiterer_____
Vladi Khiterer
2901 W. Coast Hwy., Suite 200
Newport Beach, CA 92663
Telephone: (949) 631-6161

*Attorneys for Plaintiff*
*JACK GERSHFELD*

DATED:  December 28, 2020          **O'MELVENY & MYERS LLP**

By: _/s/ Matthew D. Powers_____
Randall W. Edwards
Matthew D. Powers
Adam M. Kaplan
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

*Attorneys for Defendant*
*TEAMVIEWER US, INC.*

2                    No. 30-2020-01172402-CU-BT-CXC
JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DEADLINE TO RESPOND TO COMPLAINT

## [~~PROPOSED~~] ORDER

Having considered the Stipulation and good cause appearing,

IT IS HEREBY ORDERED that TeamViewer shall answer or otherwise respond to the Complaint by February 10, 2021.

IT IS SO ORDERED.


DATE: 12/31/2020                          _____

Hon. William Claster
Superior Court Judge

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DEADLINE TO RESPOND TO COMPLAINT