

FILED
CLERK, U.S. DISTRICT COURT
4/20/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JACK GERSHFIELD, on behalf of himself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>TEAMVIEWER US, INC., and DOES 1–100,<br><br>Defendant. | Case No.: SACV 21-00058-CJC (ADSx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 23]** |

## I. INTRODUCTION

Plaintiff Jack Gershfield brings this putative class action against Defendant Teamviewer US, Inc. and unnamed Does, alleging violations of California's Unfair Competition Law ("UCL") and California's Consumer Privacy Act ("CCPA"). (Dkt. 20 [First Amended Complaint, hereinafter "FAC"]; Dkt. 1-1 at 5 [Complaint, hereinafter

-1-

.

"Compl."].)  Plaintiff initially filed his claims in state court but Defendant removed the case, asserting jurisdiction under the Class Action Fairness Act ("CAFA").  (Dkt. 1 [Notice of Removal].)

On September 19, 2019, Plaintiff purchased a year-long subscription to Defendant's remote-access software.  (FAC ¶ 13.)  To complete the purchase, Plaintiff was required to provide his name as well as his credit card number, expiration date, and verification code.  (*Id.*)  A year later, in September 2020, Plaintiff alleges that Defendant renewed his subscription without his authorization by disclosing his private credit card information to Defendant's credit card processor.  (*Id.* ¶ 18.)  Plaintiff alleges that the unauthorized exfiltration and disclosure of his personal information to a third party violated the CCPA.  (*Id.* ¶¶ 19–20); *see* Cal. Civ. Code § 1798.150.  He also alleges that Defendant violated the UCL by, among other things, unlawfully charging him for services that he did not authorize, need, or want.  (*Id.* ¶¶ 25–37.)

Plaintiff brings his claims on behalf of all similarly situated individuals.  Plaintiff's original Complaint defined his UCL subclass as all of Defendant's California customers "on and after December 1, 2016[,] who were charged for [Defendant's] software subscription [and] did not want, need or use said software."  (Compl. ¶ 40.)  It also defined his CCPA subclass to include all of Defendant's California customers "on and after January 1, 2020[,] whose accounts, credit or debit cards were charged without [their] affirmative, explicit and unequivocal authorization."  (*Id.* ¶ 40.)  However, after the Court denied Plaintiff's previous motion to remand—concluding that the preponderance of the evidence showed that the amount in controversy met CAFA's $5 million requirement—Plaintiff narrowed the definition of both subclasses.  The class definitions now include only customers who were charged for Defendant's software and "communicated that they did not want, need, or use said software by requesting a refund and/or disputing the charges."  (FAC ¶ 40.)

Now before the Court is Plaintiff's motion to remand based on his First Amended Complaint. (Dkt. 11 [hereinafter "Mot."].) For the following reasons, Plaintiff's motion is **DENIED**.[1]

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to a federal district court when the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. "CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

//
//
//

## III. DISCUSSION

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 3, 2021, at 1:30 p.m. is hereby vacated and off calendar.

Plaintiff seeks to remand this case based on the narrowed class definition contained in his First Amended Complaint. Plaintiff argues that because class members now include only Defendant's customers who "disputed the charge and/or requested a refund," Defendant cannot show that the amount in controversy exceeds CAFA's $5 million requirement. Plaintiff's argument is flawed, however, because the Court cannot consider his amended class definition when determining jurisdiction over a removed action.

"[T]he circuits have unanimously and repeatedly held that whether remand is proper [in CAFA cases] must be ascertained on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). Courts ordinarily do not permit "post-removal amendment of the complaint to affect the existence of federal jurisdiction," especially when the amendment would alter "the make up of the class." *Id.* at 1278.

Plaintiff contends that the Court may consider his amended class definition based on the Ninth Circuit's decision in *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015). The Court disagrees. In *Benko*, the Ninth Circuit considered whether the local controversy exception required remand of a case removed under CAFA. 789 F.3d at 1117. The court held "that plaintiffs should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA." *Id.* It reasoned that because complaints filed in state court "may not address CAFA-specific issues, such as the local controversy exception," plaintiffs may need to amend their complaint to "provide a federal court with the information required to determine whether a suit is within the court's jurisdiction under CAFA." *Id.* Unlike the amendment in *Benko*, which clarified a CAFA-specific issue that would not ordinarily be addressed in a state court complaint, the amendment here changed the class definition—an issue central to the case whether it is filed in state or federal court. As the Ninth Circuit stated in *Broadway Grill*, "*Benko* did not [] strike a new path to permit plaintiffs to amend their

class definition, add or remove defendants, or add or remove claims in such a way that would alter the essential jurisdictional analysis." *Broadway Grill*, 856 F.3d at 1279; *Richards v. Now, LLC*, 2019 WL 2026895, at *3 (C.D. Cal. May 8, 2019) ("*Broadway Grill* rejected the notion that a plaintiff could [] alter the definition of the class itself as a permissible clarification of federal jurisdiction under CAFA."). Allowing such amendment would permit "what CAFA was intended to prevent: an amendment changing the nature of the class to divest the federal court of jurisdiction." *Broadway Grill*, 856 F.3d at 1279. Accordingly, the Court may not consider Plaintiff's amended class definition in determining whether remand is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

DATED: April 20, 2021

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE