RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
ADAM M. KAPLAN (S.B. #298077)
akaplan@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Defendant
TEAMVIEWER US, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK GERSHFELD, individually, and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>TEAMVIEWER US, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 8:21-cv-00058-CJC-ADS<br><br>**DEFENDANT TEAMVIEWER US, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date: July 12, 2021<br>Time: 1:30 p.m.<br>Judge: Honorable Cormac J. Carney<br>Courtroom: 9B |

## I.  INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendant TeamViewer US, Inc. ("TeamViewer") hereby requests that the Court take judicial notice of the following documents: TeamViewer's End User License Agreement ("EULA") in effect as of September 2019, attached to the Declaration of Helaine de Tomasi ("De Tomasi Declaration") as Exhibit A; screenshots of the purchase flow on TeamViewer's website, attached to the De Tomasi Declaration as Exhibit B; the invoice Plaintiff Jack Gershfeld ("Plaintiff") received for the purchase of his TeamViewer software subscription, attached to the De Tomasi Declaration as Exhibit C; and TeamViewer's automatic renewal reminder email, attached to the De Tomasi Declaration as Exhibit D.  The court may take judicial notice of these documents because they are referenced in the Complaint (*e.g.,* Dkt. 20, First Amended Complaint ("FAC") ¶ 13 (reproducing the "checkout page" from www.teamviewer.com)) and because Plaintiff's allegations of wrongdoing necessarily rely on the contents of these documents.  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("Because Parrino's claims rest on his membership in FHP's plan and on the terms of the plan, documents governing plan membership, coverage, and administration are essential to his complaint."); *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1114 (C.D. Cal. 2003) ("The court may also take judicial notice of the documents identified in paragraphs d, e, and f, as these are contracts between Pacific Inland Bank and putative class members that provide the foundation for plaintiffs' claims.").

## II.  ARGUMENT

Federal Rule of Evidence 201 permits a court to take judicial notice of an adjudicative fact "not subject to reasonable dispute" because the fact is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  And it is axiomatic that under Rule 201, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a 12(b)(6) motion to dismiss."  *See, e.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d

1119 (9th Cir. 2002). Moreover, the Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino,* 146 F.3d at 706.). Courts "may [also] take judicial notice of public documents." *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 902 (C.D. Cal. 2011) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). In ruling upon a motion to dismiss, the Court may consider matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

The EULA and screenshots from TeamViewer's website are properly subject to such notice because they consist of facts "capable of accurate and ready determination by resort to sources who accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). For instance, Exhibit A to the De Tomasi Declaration reflects the terms of TeamViewer's license agreement with all customers. Courts routinely take judicial notice of this kind of basic contract information that is not subject to any reasonable dispute. *Crago v. Charles Schwab & Co*., 2017 WL 2540577, at *2 n.2 (N.D. Cal. June 12, 2017) (taking judicial notice of "Schwab's customer account agreements ('Schwab One Account Agreements') from 2011 to 2014"); *Yoshioka v. Charles Schwab Corp.*, 2012 WL 5932817, at *3 (N.D. Cal. Nov. 27, 2012) (taking judicial notice "of a number of documents related to Plaintiff's account, including the IRA Plan, Plaintiff's IRA account application, the 2011 IRA Account Agreement, and October 2011 Important Account Agreement and Disclosure Information"). Exhibit B to the De Tomasi Declaration, meanwhile, consists of screenshots from TeamViewer's website as they would have appeared at the time of Plaintiff's purchase, which Plaintiff references in his complaint and includes a partial image of. *See, e.g.,* FAC ¶ 13. Courts frequently recognize that judicial notice of those types of materials is proper. *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices & Prod. Liab. Litig.*, 890 F. Supp. 2d 1210, 1215 (C.D. Cal. 2011) (Carney, J.) (taking judicial notice of warranty documents where complaint "references and quotes from these

warranties"); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (taking judicial notice of screen shots from a game referenced and discussed in complaint because it is "capable of accurate and ready determination using sources whose accuracy cannot reasonably be questioned").

Moreover, all the documents for which TeamViewer seeks judicial notice are properly noticeable because Plaintiff's claims are dependent upon the content of those documents. Plaintiff alleges that TeamViewer failed to "present the automatic renewal offer terms in a clear and conspicuous manner before the subscription is fulfilled and in visual proximity to the request for consent to the offer." *See* FAC ¶ 28. He also alleges TeamViewer "charg[ed] plaintiff's credit [*sic*] for an automatic renewal without first obtaining plaintiff's affirmative and unequivocal consent." *Id.* ¶ 29. He further alleges that TeamViewer failed to "provide an acknowledgment that includes the automatic renewal offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer" or to "provide a toll-free telephone number, electronic mail address, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in said acknowledgment." *Id.* ¶¶ 30-31. Finally, he alleges TeamViewer made a "material change from $499.80 to $588.00 for a year's worth of the Software subscription and fail[ed] to provide plaintiff with a clear and conspicuous notice of said material change and fail[ed] to provide conspicuous information regarding how to cancel." *Id.* ¶ 33. Consequently, Plaintiff's allegations of wrongdoing necessarily rely on the documents for which TeamViewer seeks judicial notice. For instance, Plaintiff's allegation that TeamViewer did not obtain his consent to the renewal depends on the terms of TeamViewer's EULA, which Plaintiff was required to accept as a condition of his purchase. And his claims that TeamViewer did not present the automatic renewal terms "in a clear and conspicuous manner" before his purchase and that TeamViewer failed to provide him with acknowledgments containing those terms and explaining how to cancel his subscription depend on the contents of TeamViewer's website and the post-purchase documents he received from TeamViewer, including his purchase invoice and the renewal reminder email.

Courts routinely take judicial notice of these types of documents on which the complaint necessarily relies. *See Parrino*, 146 F.3d at 706 ("[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiffs' complaint necessarily relies"); *Data Trace Info. Servs. LLC v. Axis Tech. Grp., LLC*, 2016 WL 7486285, at *2 (C.D. Cal. Mar. 17, 2016) (Carney, J.) (denying plaintiff's objections and taking judicial notice of contract and documents incorporated into contract because contract "is central to [plaintiff]'s claims" and incorporated documents "are part of that agreement"); *Albert v. Williams*, 2018 WL 6092578, at *11 (C.D. Cal. Nov. 21, 2018) (Carney, J.) (taking judicial notice of "the State Bar's letter to [plaintiff] regarding her suspension" because the letter formed "the basis of several of her allegations in the FAC."); *Ko v. Bank of Am., N.A.*, 2015 WL 6134350, at *3 (C.D. Cal. Oct. 19, 2015) (Carney, J.) (judicial notice appropriate where "the complaint refers to the mortgage loan from Homecomings Financial Network in that amount" and "the mortgage is central to Mr. Ko's claim."). The same result should apply here.

### III. CONCLUSION

For the foregoing reasons, TeamViewer respectfully requests that the Court grant this request for judicial notice.

Dated: May 11, 2021

O'MELVENY & MYERS LLP

By: */s/ Randall W. Edwards*
Randall W. Edwards
Attorneys for Defendant TeamViewer US, Inc.