RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
ADAM M. KAPLAN (S.B. #298077)
akaplan@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendant
TEAMVIEWER US, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK GERSHFELD, individually, and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>TEAMVIEWER US, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 8:21-cv-00058-CJC-ADS<br><br>**DECLARATION OF HELAINE DE TOMASI IN SUPPORT OF DEFENDANT TEAMVIEWER US, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** |

I, Helaine de Tomasi, declare as follows:

1. I am the Director of Marketing, Americas, for Defendant TeamViewer US, Inc. ("TeamViewer"). I have been employed by TeamViewer since January 2020. In my role at TeamViewer, I have become familiar with all aspects of TeamViewer's operational policies and practices, TeamViewer's website and purchase flow, TeamViewer software subscription and automatic renewal practices, and TeamViewer's document management system. I am over the age of 18 and have personal knowledge of the following facts and, if called as a witness, I could and would testify to them under oath.

2. I make this declaration in support of TeamViewer's Request for Judicial Notice.

3. Attached as Exhibit A is a true and correct copy of TeamViewer's End User License Agreement ("EULA") in effect as of September 2019 at the time Plaintiff purchased his software subscription.

4. As a matter of TeamViewer policy, practice, and procedure, the EULA described above is provided to clients upon purchasing a TeamViewer software subscription. Like all other TeamViewer customers, Plaintiff was required to accept the EULA when establishing his account.

5. Attached as Exhibit B is a true and correct copy of screenshots of the purchase flow on TeamViewer's website taken as of January 2021.

6. Based on my experience with TeamViewer's website functions, I understand that the purchase flow depicted in Exhibit B was identical to the purchase flow as it would have appeared on TeamViewer's website as of September 2019 at the time Plaintiff purchased his software subscription.

7. Attached as Exhibit C is a true and correct copy of the invoice that Plaintiff received after purchasing his software subscription in September 2019.

8. Attached as Exhibit D is a true and correct copy of the automatic renewal reminder email that TeamViewer sends to customers 60 days prior to the renewal of their annual software subscriptions.

9. From reviewing TeamViewer's records, I understand that Plaintiff received a copy

of the automatic renewal reminder email on July 21, 2020. I further understand that the renewal reminder email depicted in Exhibit D is identical to the renewal reminder that Plaintiff received when he purchased his software subscription, with the limited exception that the email Plaintiff received would have included his name and the date when his automatic renewal would be processed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on May 11, 2021, in Clearwater, Florida.

_Helaine de Tomasi_
Helaine de Tomasi